**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John C. COLLIE, Defendant–Appellant.**

**Nos. 03–1016, 03–1032.**

United States Court of Appeals, Sixth Circuit.

May 8, 2003.

### ORDER

John C. Collie appeals his judgment of conviction and sentence. The case has been referred to this panel pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

Collie pleaded guilty to charges that he bribed a public official and committed mail fraud, violations of 18 U.S.C. §§ 201(b)(1)(C). 1341. He was sentenced to fifteen months of imprisonment to be followed by three years of supervised release.

In this timely appeal, Collie's appointed counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Collie was notified of counsel's motion to withdraw, but he has not responded.

---

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

The *Anders* brief submitted by counsel reflects that counsel has reviewed the entire record and proceedings. Independent review of the record shows that counsel accurately submits that this case presents no colorable issue for appeal.

The district court properly accepted Collie's valid guilty plea. A plea of guilty is valid if entered knowingly, voluntarily, and intelligently; its validity is determined under the totality of the circumstances. *North Carolina v. Alford,* 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). The Constitution requires that such circumstances reflect that the defendant be informed of all the direct consequences of his plea. *Brady,* 397 U.S. at 755. The district court assured itself that Collie understood the constitutional rights he was waiving, the statutory maximum sentences he faced, and the applicability of the Sentencing Guidelines. The district court explained that no specific sentence was guaranteed by the plea agreement. Fed. R.Crim.P. 11(c)(1), (c)(3), (c)(6). Finally, the court painstakingly established that there was a factual basis for Collie's plea.

The district court committed no prejudicial error in sentencing Collie. At sentencing. Collie objected only to the denial of a reduction in offense level for acceptance of responsibility. The court granted Collie the maximum three-level reduction for accepting responsibility, see § 3E1.1(b), which produced a guideline sentencing range of 12–to–18 months of imprisonment. The court sentenced Collie in the middle of this range. Collie waived any other claim of error by failing to object to the presentence report. *United States v. Ward.* 190 F.3d 483, 492 (6th Cir.1999). The record discloses no other nonfrivolous issue. Accordingly, we GRANT counsel's motion to withdraw and AFFIRM the district court's judgment of conviction and sentence. Rule 34(j)(2)(C), Rules of the Sixth Circuit.